Peter Cooper Hewitt died a resident of this state August 25th, 1921, leaving a last will and testament and a codicil thereto, both dated August 3d 1921, and both admitted to probate on September 13th, 1921. Letters testamentary were issued to complainant (then known as The Farmers Loan and Trust Company), the executor and trustee therein named. *Page 121 
The testator left him surviving his widow, Maryon Cooper Hewitt, and his daughter, Ann Cooper Hewitt. His stepson, Peder S. Bruguiere, a son of Maryon Cooper Hewitt by a former marriage, also survived the testator. Maryon Cooper Hewitt died April 30th, 1939.
By article second of testator's will he bequeathed certain personalty to his wife which, according to stipulation on file in this cause, was of the value of $672.00, and the balance of his estate at inventory or book value in the hands of the executor on October 24th, 1922, was $1,303,591.71.
The net amount of said estate on the death of the wife, Maryon Cooper Hewitt, has not been stipulated or otherwise determined.
By subdivision 2 of the third clause of the testator's will he provided as follows:
"(2) Upon the death of my said wife, to set apart out of the trust property securities of the then market value of fifty thousand dollars and to receive the income and profits thereof and to apply the net income thereof to the use of my stepson, Peder S. Bruguiere, during the term of his natural life and upon his death to transfer and pay over the principal of said trust fund to the issue of my said stepson him surviving or surviving my said wife if he die before her death, in equal shares, perstirpes and not per capita, and in default of such issue to transfer and pay over the principal of said trust fund to my daughter, Ann Cooper Hewitt, or her issue and such other issue of me as shall then survive, per stirpes; * * *."
By the first paragraph of the codicil it is provided:
"Referring to subdivision `(2)' of clause `Third' of my said Will, in the event that the net amount of my estate shall exceed one million dollars, it is my will and I hereby direct that the amount to be set aside for the benefit of Peder S. Bruguiere shall be one hundred thousand dollars instead of fifty thousand dollars."
These clauses are before the court for construction and the issues raised by the bill of complaint and the answers on the part of the defendants are: (a) Whether under a proper construction of subdivision 2 of clause "Third" of the will of the testator, as amended by the "First" clause of the codicil thereto the words "in the event that the net amount of my *Page 122 
estate shall exceed one million dollars" refers to the net amount of the estate at the date of the testator's death or to the net amount of the estate upon the death of Maryon Cooper Hewitt, his widow, which occurred on April 30th, 1939, and (b) if it is determined that the said words refer to the net amount of the estate at the date of the death of Maryon Cooper Hewitt, whether the net amount of the estate at the date of the death of Maryon Cooper Hewitt exceeded $1,000,000. Obviously, in the absence of stipulation or of proof as to the amount of testator's estate at the time of his wife's death, the second question must be postponed until the first of said questions shall have been determined.
The will of the testator will be considered from its four corners in order to arrive at his intention.
In the first clause testator directs the payment of his debts. In the second he bequeaths personal effects, household goods, jewelry, c., to the wife if she survives him, and if not, then to his daughter. Subject to a proviso not here material, he gives, devises and bequeaths in the third clause the entire residue, upon trust, the income from which is to be applied to the wife and daughter, two-thirds to the former and one-third to the latter, but if the wife remarries the proportions are reversed and one-third goes to the wife and two-thirds to the daughter while they both live, and if the daughter dies without issue and before the mother, then the income goes to the mother so long as she lives. And so it appears that the dominant idea of the testator was to provide for the natural objects of his bounty, namely, his wife and only child.
The wife, Maryon, by a former marriage, had a son Peder, who was testator's stepson, and after providing that his estate should be held in trust for his wife and child, the testator provided something for this stepson. The provision is found in paragraph (2) of clause third of the will herein above set forth.
This provision for the stepson does not take effect until the death of the wife, and the securities to make up the sum of $50.000 are to be valued as of the date of the wife's death.
This accords with testator's dominant intention to care for his wife and child. *Page 123 
After executing his will, and on the same day he amended the same by a codicil, the first article of which is above set forth. Here we see that the article begins by expressly referring to subdivision (2) of clause third of the will, and so the two clauses must be read together. He there provided that the sum to be set aside for his stepson shall be $100,000 instead of $50,000 "in the event that the net amount of my estate shall exceed one million dollars." When subdivision (2) of clause third of the will is read with the first clause of the codicil as it must be, it seems to me to be the clear intention of testator that when his wife died, $50,000 of the securities of the trust estate, valued at said future time, should be set aside for the benefit of his stepson; and comprehending the present value of his estate, and of course not knowing what it would amount to when his wife died, but in the event that it exceeded $1,000,000, at that time, then the amount to be set aside for the benefit of his stepson should be $100,000 instead of $50,000.
It would be illogical to say testator intended otherwise in view of the provisions that the securities should not be set aside until the death of the wife, and that their value should be determined as of that time indicating that testator had in mind the possible shrinkage in his estate between the time of his death and that of his wife.